UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LISHAN WANG,
*Plaintiff*,

v.                                                          No. 3:23-cv-571 (JAM)

ANGEL QUIROS *et al.*,
*Defendants*.

**ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Lishan Wang is a prisoner in the custody of the Connecticut Department of Correction ("DOC"). He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 alleging that state officials violated the Eighth Amendment and discriminated against him by failing to provide him with adequate medical treatment. For the reasons set forth in this ruling, I will dismiss the action for failure to exhaust administrative remedies as required by law.

### BACKGROUND

The complaint arises from Wang's incarceration as a sentenced state prisoner at the Cheshire Correctional Institution ("CCI") in Cheshire, Connecticut. On April 14, 2023, Wang sought care at the CCI medical clinic for bronchitis and a broken finger.[1] He was not satisfied with the response and subsequently filed several grievances related to his efforts to seek medical care.[2] One of those grievances, dated April 17, was a Health Services Administrative Remedy (HSAR) - Level 1 form (CN 8901).[3] Before waiting as required for 30 business days for a response to his Level 1 grievance, Wang instead filed this lawsuit on May 3, 2023.

---

[1] Doc. #1 at 5 (¶ 12).
[2] *Id.* at 18, 20–21, 24.
[3] *Id.* at 18.

1

On October 3, 2023, I entered an order requiring Wang to show cause why this action should not be dismissed for failure to fully exhaust administrative remedies. *See Wang v. Quiros*, 2023 WL 6442833 (D. Conn. 2023).[4] Wang has now filed a response.[5]

## DISCUSSION

Congress by law requires that a federal court conduct an initial review of a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments they suggest. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*).[6] Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *Ibid*.

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must comply with all procedural rules regarding the grievance process prior to commencing an action in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). A district court may "dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement." *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016).

---

[4] Doc. #21.
[5] Doc. #24.
[6] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

2

The Court's order to show cause described the DOC administrative directive—Administrative Directive 8.9 ("AD 8.9")—that provides an administrative remedy process for prisoners who are unsatisfied with their medical treatment.[7] As relevant here, after a prisoner submits an HSAR Level 1 form (CN 8901), prison officials have 30 business days to respond.[8] If the prisoner is unsatisfied with the response, or if prison officials do not timely respond, then the prisoner may, within 5 calendar days, file an HSAR Level 2 form (CN 8902).[9]

The record does not disclose any response to Wang's Level 1 HSAR form or that he waited 30 business days to see if there would be a response. Instead, Wang filed this action on May 3—just 16 days after filing his Level 1 HSAR form.[10]

Wang relies on *Williams v. Correction Officer Priatno*, in which the Second Circuit found that a prisoner's transfer to another facility during the grievance process negated his ability to file an appeal. *See* 829 F.3d at 126–27. The grievance procedures at issue there were "so opaque and confusing that they were, 'practically speaking, incapable of use.'" *Id.* at 126 (quoting *Ross v. Blake*, 578 U.S. 632, 644 (2016)).

But that is not the case here. Wang was transferred from CCI on July 28.[11] This transfer occurred more than three months after Wang filed his Level 1 HSAR form on April 17. There was no intervening transfer that interfered with Wang's ability to file a Level 2 HSAR if he had not received a response within 30 business days of filing his Level 1 HSAR.

---

[7] Doc. #21 at 5–6; *see Administrative Directive 8.9: Health Services Administrative Remedies*, Conn. Dep't of Corr. (Apr. 30, 2021) ("AD 8.9"), https://portal.ct.gov/-/media/DOC/Pdf/Ad/ad0809pdf.pdf [https://perma.cc/GNN6-ZKYS].
[8] AD 8.9 at 8 (§ 6(c)(ii)(3)).
[9] *Id.* at 8 (§ 6(c)(ii)(3)–(4), (iii)(1)).
[10] Doc. #1.
[11] Doc. #24 at 5, 9.

Wang also complains that prison officials never responded to his Level 1 HSAR form.[12] But the lack of response makes no difference, because Wang was still required to file a Level 2 HSAR form absent a response from prison officials within 30 business days. As the Second Circuit has made clear, "[w]hile [a prisoner] need not wait indefinitely after the agency fails to follow its own deadline at the final stage of appeal, he must actually wait for that deadline to expire before filing suit." *Hayes v. Dahlke*, 976 F.3d 259, 271 (2d Cir. 2020).

Wang did not do so. Instead, he prematurely filed this lawsuit. Accordingly, Wang's complaint must be dismissed for failure to fully exhaust his administrative remedies.

Finally, Wang contends that he should be allowed to amend his complaint.[13] But because Wang did not properly exhaust his remedies as to the misconduct alleged in the complaint that took place in April 2023, any amendment at this time with respect to what happened in April 2023 would be futile. The time for Wang to exhaust his administrative remedies with respect to any misconduct that occurred in April 2023 has long since expired. On the other hand, if Wang believes he has been subject to continuing mistreatment in violation of his rights under the Eighth Amendment, then he may file a new lawsuit provided that he first takes care to timely and fully exhaust his administrative remedies with respect to such alleged mistreatment.

---

[12] *Id.* at 5.
[13] *Id.* at 3, 8–9.

## CONCLUSION

For the reasons set forth above, the Court DISMISSES this action pursuant to 28 U.S.C. § 1915A(b).

It is so ordered.

Dated at New Haven this 27th day of October 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge